OPINION
Gene T. Laws, defendant-appellant, appeals a sentence imposed upon him by the Franklin County Court of Common Pleas. We affirm in part and reverse in part.
On September 19, 1997, a jury found appellant guilty of nine counts of gross sexual imposition and two counts of intimidation of a witness. Appellant was sentenced to serve six consecutive three-year terms and one consecutive two-year term for a total of twenty years' incarceration. Appellant appealed his convictions and sentence to this court. In State v. Laws (Dec. 22, 1998), Franklin App. No. 98AP-306, unreported, we reversed appellant's convictions to one count of gross sexual imposition and one count of intimidation of a witness. We affirmed appellant's remaining convictions. We also reversed the sentences imposed by the trial court and remanded the matter to that court for resentencing.
On June 4, 1999, the trial court sentenced appellant to serve in prison for one two-year term, two three-year terms, and six eighteen-month terms. Five of the eighteen-month prison terms were to be served concurrently, while the remaining four prison terms were to be served consecutively. Appellant appeals his sentence and presents the following two assignments of error:
FIRST ASSIGNMENT OF ERROR:
 The court's judgment entry erroneously fails to differentiate the two year definite sentence as to count thirteen, imposed subject to pre July 1, 1996 sentencing laws, from the definite sentences imposed with respect to the remaining counts, which all arose from conduct after the effective date of revised sentencing statutes.
SECOND ASSIGNMENT OF ERROR:
 The court erroneously sentenced appellant to consecutive sentences equal to twice the maximum sentence for the most serious offense of which he was convicted.
Appellant argues in his first assignment of error that the trial court failed to differentiate the two-year definite sentence imposed for count thirteen of the indictment from the remaining counts. Appellant contends that since the offense alleged in count thirteen occurred before July 1, 1996, the effective date of Senate Bill 2, the sentence imposed should be in accordance with the law in effect at the time the offense was committed. Appellant presented this same issue in his eighth assignment of error in his previous appeal. We found appellant's argument persuasive and sustained his eighth assignment of error in that appeal.
A review of the June 4, 1999 judgment entry shows that upon remand, the trial court did not correct its error regarding appellant's sentence for the thirteenth count of the indictment. In the present appeal, the state concedes this error as it did in the previous appeal. Therefore, we sustain appellant's first assignment of error and direct the trial court to resentence appellant and prepare a judgment entry concerning count thirteen of the indictment in accordance with the sentencing statutes in effect at the time of the offense.
Appellant argues in his second assignment of error that the trial court erroneously sentenced appellant to consecutive sentences equal to twice the maximum sentence for the most serious offense of which he was convicted. Appellant contends that the court failed to make the required findings to support the imposition of consecutive sentences. We agree.
R.C. 2929.14(E)(4) states:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
A review of the trial court's sentencing entry and the transcripts for both the November 18, 1997 hearing and the June 1, 1999 hearing show the trial court did not meet any of the findings pursuant to R.C. 2929.14(E)(4). Additionally, we have recently held that when a trial court imposes consecutive sentences under section 2929.14 of the Revised Code, "the court shall also make a finding that gives `its reasons for imposing consecutive sentences.'" State v. Kachermeyer (Dec. 21, 1999), Franklin App. No. 99AP-439, unreported, quoting R.C.2929.19(B)(2)(c). The Ohio Supreme Court has concluded that R.C.2929.19(B)(2) requires the trial court to give the reasons for its findings as opposed to the requirement of R.C. 2929.14(B) that the court only had to give its findings. State v. Edmonson
(1999), 86 Ohio St.3d 324, 326. Since the trial court failed to make the necessary findings pursuant to R.C. 2929.14(E)(4), the trial court also failed to give its reasons for the findings as required by R.C. 2929.19(B)(2)(c).
Accordingly, we find that the trial court did not make the findings required by R.C. 2929.14(E)(4) and 2929.19(B)(2)(c) in order to impose consecutive sentences. Therefore, we reverse the trial court's imposition of consecutive sentences and remand the matter to the trial court for a determination concerning whether consecutive sentences should be imposed on appellant in accordance with this opinion. Appellant's second assignment of error is sustained.
Appellant also argues in his brief that: (1) his sentence was excessive; (2) the judgment entry erroneously states that a prison term is mandatory; (3) the court failed to make findings supporting an imposition of more than the minimum prison term for a first offender; and (4) the court failed to make findings required to support the imposition of maximum sentences. However, these issues do not relate to appellant's second assignment of error as required by App.R. 16(A)(4). We are required to "[d]etermine the appeal on its merits on the assignments of error ***." App.R. 12(A)(1)(b). We have already determined that the "court erroneously sentenced appellant to consecutive sentences" without the required findings and reasons. Therefore, we do not need to address appellant's other arguments because they are unrelated to appellant's second assignment of error.
Accordingly, appellant's first and second assignments of error are sustained. We reverse the trial court's: (1) sentence imposed for count thirteen of the indictment, and (2) the trial court's imposition of consecutive sentences for counts thirteen, twenty-five, twenty-seven, and thirty-four. Regarding these counts, we instruct the court to resentence appellant in a manner that is consistent with this opinion. We affirm the sentence imposed by the court for the remaining counts.
Judgment affirmed in part; reversed in part; and causeremanded with instructions.
BOWMAN, P.J., and DESHLER, J., concur.